IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ANGEL DAVID MARTINEZ RECINOS — PETITIONER

V. — CIVIL ACTION No. 5:26-CV-548-DCB-BWR

CHRIS HOLLAND[1], Acting Warden, Adams County Correctional Center — RESPONDENT

ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation ("Report") [ECF No. 7] of the United States Magistrate Judge entered herein on September 29, 2026, in this action brought pursuant to 28 U.S.C. § 2241. In his Report, Judge Rath recommended that Respondent's Motion to Dismiss [ECF No. 6] be granted and that the Petition [ECF No. 1] be dismissed without prejudice as moot for lack of jurisdiction because Angel David Martinez Recinos ("Petitioner") has been removed from the United States. Petitioner, proceeding pro se, has failed to file objections to the Report by his deadline of October 13, 2026.

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is

[1] The proper respondent warden should be Acting Warden Chris Holland, who automatically substitutes Raphael Vergara under Fed. R. Civ. P. 25(d).

made."). Where there are no objections, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review to the Report and Recommendation. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

The Court has reviewed the Petition [ECF No. 1], the Motion to Dismiss [ECF No. 6], and the related findings. And, as stated above, Petitioner did not file objections to the Report. Having considered the Report of Judge Rath, the Court adopts his findings and conclusions in full.

In his Report, Judge Rath determined, after a thorough review of the applicable law, that Recinos's removal moots these proceedings, and thus, the Court lacks jurisdiction to consider the matter. The Court agrees. "Whether a [case] is moot is a jurisdictional matter, since it implicates the Article III requirement that there be a live case or controversy." Francis v. Lynch, 622 F. App'x 455, 455 (5th Cir. 2015) (citation omitted) (holding that the petitioner's challenge to the duration of his detention removal became moot when he was removed from the United States); see also John v. U.S. Immigration and Customs Enforcement, No. 3:25-CV-1844-B-BW, 2026 WL 569043 (N.D. Tex. Feb. 6, 2026) (dismissing ICE detainee's § 2241 Petition without prejudice as moot upon evidence of his removal from the United States).

ACCORDINGLY,

IT IS, THEREFORE, ORDERED that the Report and Recommendation be, and the same, hereby is, adopted as the finding of this Court. Accordingly, Recinos's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [ECF No. 1] should be dismissed without prejudice, for lack of jurisdiction, because it is moot. Pursuant to Rule 58 of the Federal Rules of Civil Procedure, a separate judgment will be entered.

SO ORDERED AND ADJUDGED, this the 20 day of October, 2026.

/s/ David C. Bramlette
David C. Bramlette III
UNITED STATES DISTRICT JUDGE